# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL QUINN,<br><br>                    Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>                    Respondent. | Case No. 3:21-cv-00032-RRB |

## AMENDED ORDER DISMISSING SECTION 2241 PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Daniel Quinn, representing himself from Goose Creek Correctional Center, filed a habeas petition under 28 U.S.C. § 2241, complaining that the state court is denying his right to a speedy trial in two state criminal cases.[1] Mr. Quinn also filed an Application to Waive Prepayment of the Filing Fee, without providing the requested information.[2]

The Court dismissed the petition on April 6, 2021, without addressing the matter of a Certificate of Appealability (COA).[3] In this Amended Order,

---

[1] Docket 1; *State of Alaska v. Daniel Antwan Quinn*, Alaska Superior Court Case Nos. 3AN-19-05927CR, 3AN-19-08548CR.

[2] Docket 3 (the form contains lines through the questions, with notes stating "prisoner").

[3] Dockets 6, 7.

because Mr. Quinn has not made a substantial showing of the denial of a constitutional right, the Court denies a COA.[4]

The Court takes judicial notice[5] that (1) Mr. Quinn was indicted in the summer of 2019; (2) his felony criminal cases in the Superior Court for the State of Alaska, including several charges of sexual assault 1–3, as well as felon in possession, and felony assault with the fear of injury with a weapon, are still ongoing; (3) bail has been set at $50,000; (4) bail hearings were held in the cases on July 30, 2019, September 24, 2019, November 5, 2019, August 10, 2020, and April 2, 2021, and another bail hearing is currently set for August 13, 2021; (5) Mr. Quinn secured a private attorney to represent him in his cases in November 2019, but counsel withdrew on April 9, 2021, and he appears to be currently represented by a lawyer from the Alaska Office of Public Advocacy; (6) a discovery hearing is set in one case for August 25, 2021, and in the other case for

---

[4] *See* 28 U.S.C. 2253(c); *Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir. 2009) ("We conclude that the mere fact that a habeas petition is filed pursuant to § 2241(c)(3) does not exempt that petition from § 2253(c)(1)(A)'s COA requirement.").

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact...." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

October 20, 2021, after several continuances at the request of the defense, or because Mr. Quinn had a new lawyer; and (7) he is currently incarcerated.[6]

The Supreme Court for the State of Alaska and its Chief Justice have issued Special Orders regarding COVID-19 and criminal jury trials. Trials were postponed beginning on March 15, 2020, when Alaska's speedy trial rule was suspended.[7] Trials resumed this summer, as vaccinations for COVID-19 were being given to Alaskans in greater numbers.[8] However, "[i]n response to an increase in COVID-19 cases," all jury trials have again been suspended in Anchorage until at least August 27, 2021.[9]

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241,[10] and a petitioner may properly challenge state pretrial detention under § 2241.[11]

---

[6] *See* https://records.courts.alaska.gov/eaccess/search, *Alaska v. Quinn*, Case Nos. 3AN-19-05927CR, 3AN-19-08548CR; *see also* https://vinelink.vineapps.com/search/persons.

[7] *See* http://www.courts.alaska.gov/covid19/index.htm#socj.

[8] *See id.*

[9] https://courts.alaska.gov/covid19 (Order 896).

[10] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[11] *See Stow v. Murashige,* 389 F.3d 880, 885–88 (9th Cir. 2004).

A Court must "promptly examine" a habeas petition.[12] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . ."[13] In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[14]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[15] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[16]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[17] This habeas statute provides federal courts with general habeas corpus

---

[12] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[13] *Id.*

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[15] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[16] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[17] 28 U.S.C. § 2241(c)(3).

jurisdiction.[18]  28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[19]  When examining a § 2241 petition from a pretrial detainee claiming a violation of his or her right to a speedy trial, a significant delay in the proceedings must be shown.[20]

In *McNeely v. Blanas*, the Ninth Circuit found a delay of three years to be substantial, so that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[21]  The four-part test articulated by the Supreme Court in *Barker* is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[22]  The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay.  No single factor is necessary or sufficient."[23]

---

[18] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[19] *Stow*, 389 F.3d at 885–88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.")).

[20] *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003); *Barker v. Wingo,* 407 U.S. 514, 530–31 (1972).

[21] *Barker,* 407 U.S. at 530.

[22] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[23] *Id.* (citing *Barker*, 407 U.S. at 530); *see also United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F. Supp. 3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone

## I. Appropriate Relief

For relief, Mr. Quinn requests that he be "release[d] from unconstitutional confinement."[24] The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[25] Thus, although a state may "impose conditions on an arrestee's release, such as bail … [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[26] Mr. Quinn's request that he be released from incarceration is appropriate under a § 2241 petition.[27]

---

does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted).

[24] Docket 1 at 8.

[25] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014)).

[26] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

[27] *Id.,* at *2 ("A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial. *See Atkins v. People of the State of Mich.,* 644 F.2d 543, 549 (6th Cir. 1981) ('The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights ... whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order *or by a petition for habeas corpus*.') (emphasis added); *accord, Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979); *Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980); *Meechaicum v. Fountain*, 696 F.2d 790, 792 (10th Cir. 1983)."); *Belcher v. Nevada*, 3:20-cv-00554-MMD-CLB, 2020 WL 6731725, at *3 (D. Nev. Oct. 19, 2020), *report and recommendation adopted,* No. 3:20-cv-00554-MMD-CLB, 2020 WL

A speedy trial claim may be reviewed under § 2241 if a pretrial detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges on the merits.[28] The Court will not, therefore, address the merits of any underlying charges against Mr. Quinn.

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[29] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing

---

6729279 (D. Nev. Nov. 16, 2020) (slip op.) ("When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack [v. Boyle]*, 342 U.S. 1, 6–7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 ([9th Cir.] 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus)."); *compare Davie v. Villanueva*, No. CV 20-6580 MWF (PVC), 2020 WL 4901611, at *3 (C.D. Cal. Aug. 20, 2020) ("[T]o the extent that he is seeking release on zero or reduced bail prior to trial due to health concerns arising from the coronavirus pandemic, this claim overlaps with his excessive bail claim. Furthermore, state courts can and do offer an adequate forum to litigate such claims.") (noting that a state appellate court granted "in part pretrial detainee's habeas petition seeking release on bail and order[ed] trial court to hold a hearing to 'consider entering a new and different order setting bail consistent with the [county's] June 23, 2020 amended bail order,' which was adopted to address inmate overcrowding during the COVID-19 pandemic).") (citation omitted).

[28] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

[29] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[30] The Ninth Circuit has explained that where a petitioner

> alleges that the state is violating his due process right not to be detained pretrial … and that his complete loss of liberty for the time of pretrial detention is 'irretrievable' regardless of the outcome at trial ... then regardless of the outcome at trial, a post-trial adjudication of his claim will not fully vindicate his right to a current and proper pretrial probable cause determination. His claim therefore 'fits squarely within the irreparable harm exception' to *Younger* that we applied in *Arevalo*.[31]

But a federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[32]

Without stating specific facts, Mr. Quinn says that he has "no remedy w/ the AK Superior Court."[33] Throughout his petition, he also claims "corruption," without

---

[30] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980).

[31] *Id.* at 904 (quoting *Arevalo*, 882 F.3d at 766); *see also United States v. Henning*, ___ F. Supp. 3d ___, 2021 WL 222355, at *8 (C.D. Cal. Jan. 19, 2021) ("The Court also is acutely aware of the statistics of how many people continue to be infected, hospitalized, and—tragically—die due to the coronavirus every day, all across the country. But the Constitution does not turn on these considerations. Instead, to protect the fundamental right to a speedy trial guaranteed by the Sixth Amendment, the Constitution requires that a trial only be continued over a defendant's objection if holding the trial is *impossible*.").

[32] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[33] Docket 1 at 3; *see also id*. at 5, 6 ("no remedy").

giving any details explaining that claim.[34] Instead, Mr. Quinn mimics the petitions of several other pretrial detainees who have filed federal petitions from the same institution which are exceedingly similar, with blanket statements such as "corruption," or "no remedy."[35]

The Court of Appeals for the Ninth Circuit has directly addressed abstention in the context of speedy trial in state court, explaining:

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[36]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Quinn's criminal cases in state court remain ongoing. Mr. Quinn's allegation, that he is being denied his right to a speedy trial in state court, should

---

[34] *Id.* at 4, 5, 7.

[35] *Compare* Docket 1 (calling himself "Quinn: Daniel ™ ©, claimant," crossing out the word "petitioner," and drawing lines across the space provided for answers to some questions), *and, e.g.,* Case Nos. 3:21-cv-33-RRB, Docket 1 (calling himself "Butler: Ernest, claimant" crossing out the word "petitioner," and drawing lines across the space provided for answers to some questions); 3:21-cv-31-RRB, Docket 1 (calling himself "Hull: Thomas ™ ©, claimant," crossing out the word "petitioner," and drawing lines across the space provided for answers to some questions); 3:21-cv-26-RRB, Docket 1 (calling himself Bice: Joseph, claimant" crossing out the word "petitioner," and drawing lines across the space provided for answers to some questions).

[36] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo,* 882 F.3d at 764, 766–67).

normally be addressed in his state court criminal proceedings.[37] And this Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[38]

Given the serious charges against him for violent crimes, his numerous bail hearings, and his upcoming discovery hearing (after postponements due, in part, to his changes in counsel, and at the request of his lawyers), the Court finds that Mr. Quinn has failed to state facts showing a reason for this Court to intervene in his ongoing state criminal cases.[39] The Court further finds that the pandemic has given courts reasonable reasons to suspend trials to protect the public,[40] and that

---

[37] *See Brown,* 676 F.3d at 900–01 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[38] *Page,* 932 F.3d at 903.

[39] Mr. Quinn has stated conclusions, rather than facts. He states, for instance, that there is "no meaningful participation with the court & the administration [is] using Covid as a[n] excuse for delay. Unlawful & corruption of [the] speedy trial clause. This state is above the law in corruption & conspiracy with Judge, lawyers, clerk and corrupt officers in Dept. of Correction[s] denying us [acc]ess to supplies to file motion." Docket 1 at 7. Conclusions, however, do not support grounds for habeas relief. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")); Rule 2(c), Rules Governing § 2254 Cases in U.S. District Court (habeas petition must "specify all the grounds for relief" and "state the facts supporting each ground").

[40] *See* https://alaska-coronavirus-vaccine-outreach-alaska-dhss.hub.arcgis.com (As of 8/9/21, in Alaska, there have been 75,056 reported resident cases of COVID-19, and 391 reported resident deaths; in the United States, there have been 35,963,743 cases, and

no bad faith appears to be involved. Instead, Mr. Quinn appears to be mimicking the words of others who are incarcerated at Goose Creek Correctional Center.

### III. Exhaustion

Further, exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[41] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless extraordinary circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[42]

---

617,543 deaths; and, worldwide, there have been 203,662,139 cases, and 4,308,383 deaths.).

[41] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted *available* state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225–26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[42] *Carden*, 626 F.2d at 83–85.

In this case, the Court should only address Mr. Quinn's speedy trial claim after he fully exhausts his available state court remedies.[43]

**Therefore, IT IS HEREBY ORDERED:**

1. The Petition, at Docket 1, is DISMISSED without prejudice.[44]

2. The Application to Proceed without Prepayment of the Filing Fee, at Docket 3, is DENIED.[45]

3. The Court, having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, DENIES a certificate of

---

[43] *See, e.g., Stack*, 342 U.S. at 6–7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[44] Mr. Quinn's petition in federal court is premature. But his lawyer in his state criminal cases may still make a speedy trial argument in those cases. His lawyer will know that the issue of a speedy trial under the federal constitution is different than an argument made under a state's speedy trial rules.

[45] Mr. Quinn failed to provide the information necessary for the Court to decide whether he can afford to pay the $5.00 filing fee in this case.

appealability.[46] Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.[47]

    4.    The Clerk of Court is directed to enter an Amended Judgment accordingly.

Dated at Anchorage, Alaska this 10th day of August, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[46] *See* 28 U.S.C. 2253(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
*See Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (citation omitted) *see also*
For the reasons set forth in this Order, Mr. Quinn has not made a substantial showing of the denial of a constitutional right, or that jurists of reason could disagree with the district court's resolution, or that he deserves encouragement to proceed further. *Banks*, 540 U.S. at 705. Trials have been suspended to protect the public health, *see United States v. Olsen*, 995 F.3d 683, 687 (9th Cir. 2021), and no bad faith appears to be involved in this case. The state courts have delayed Mr. Quinn's cases for good reason (including at the request of the defense, and because defense counsel has changed), and Mr. Quinn should make his arguments in his state criminal cases.

[47] *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.